UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81307-CIV-MARRA

KENNETH W. BROWN,

    Plaintiff,

vs.

SECURITIES AND EXCHANGE COMMISSION,
and CHRISTOPHER E. MARTIN

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND STRIKE

This cause is before the Court on Defendants' Motion to Dismiss Amended Complaint. (DE 14) and Motion to Strike (DE 19). The motions are ripe for review. For the following reasons, the Court concludes that the motions should be granted and the Amended Complaint dismissed, but without prejudice.

### I. Background

In early 2005, Defendant Securities and Exchange Commission ("SEC"), led by senior trial counsel Defendant Christopher E. Martin, filed a civil lawsuit against Plaintiff Kenneth W. Brown. S.E.C. v. K.W. Brown & Co., No. 05-80367-CIV. After a nine-day bench trial, United States Magistrate Judge Linnea R. Johnson found that Plaintiff had engaged in an illegal cherry-picking scheme and violated the anti-fraud and books-and-records provisions of the federal securities laws. (DEs 104, 105 of No. 05-80367). Plaintiff was ordered to pay civil penalties of over $4 million. (DE 105 at 4 of No. 05-80367). An appeal was taken, but it was dismissed by agreement of the parties. (DE 144 at 2 of No. 05-80367).

On December 18, 2013, Plaintiff initiated this pro se action against his former prosecutors. (DE 1). In his original complaint, Plaintiff set forth several causes of action against Defendants SEC and Martin, and sought damages of as much as $ 35,000,000.00. (DE 1 at 23). Defendants moved to dismiss arguing that Plaintiff's claims were barred by sovereign immunity, prosecutorial immunity, the statute of limitations, and that he failed to state a claim upon which relief could be granted. (DE 8 at 7-11). Before this Court ruled on the merits of Defendants' motion, Plaintiff filed an Amended Complaint (DE 10), and this Court denied Defendants' motion as moot (DE 11).

The Amended Complaint abandons all monetary claims and instead requests that this Court set aside Judge Johnson's judgment for "fraud on the court" under Federal Rule of Civil Procedure 60(d)(3). (DE 10 at 1, 3). Defendants again move to dismiss. (DE 14). First, they argue that this Court lacks subject matter jurisdiction over an independent action for fraud on the court absent the government's waiver of sovereign immunity. (Id. at 6-7). Second, Defendants argue that absolute prosecutorial immunity bars any claims against Defendant Martin, and, moreover, that the Amended Complaint fails to allege any claims against him. (Id. at 7-9 & n.6). Finally, Defendants argue that Plaintiff fails to state a claim for fraud on the court. (Id. at 9-11).

## II. Discussion

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the ground on which it rests. Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (internal citation and alteration omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  The Court must accept all of the plaintiff's factual allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

**A.     Sovereign Immunity**

At the outset, the Court rejects Defendants' argument that sovereign immunity defeats the Court's jurisdiction to hear an independent action for fraud on the court.  (DE 14 at 7).  The Court concludes that the Eleventh Circuit case on which Defendants rely, United States v. Timmons, 672 F.2d 1373 (11th Cir. 1982), has been overruled by the Supreme Court's subsequent holding in United States v. Beggerly, 524 U.S. 38, 42 (1998).

In Timmons, the United States brought an action for ejectment against certain defendants, who were the descendants of the landowners from whom the United States had obtained title in the 1940's through condemnation proceedings.  The defendants asserted as a defense and a counterclaim that a government agent fraudulently induced their ancestors not to contest the condemnation by representing the government would deed back the land following World War II.  Responding to the issue of sovereign immunity, the defendants argued that the district court

had ancillary jurisdiction over their counterclaims because they were "in the nature of an independent action in equity," preserved under Rule 60(b). 672 F.2d at 1378. The Eleventh Circuit noted that this argument found support in a well-respected treatise, id. (citing Moore's Federal Practice P 60.38(1), at 644 (2d ed. 1979)); however, the court held that it was bound to follow "well aged Fifth Circuit authority to the contrary," id. Relying on Zegura v. United States, 104 F.2d 34 (5th Cir. 1939), the Eleventh Circuit held that the district court lacked jurisdiction over the defendant's counterclaims because an "independent action could not be brought against the United States without its authorization." 672 F.2d at 1379.

Aside from one district court decision,[1] courts have not followed the Eleventh Circuit's lead of requiring a waiver of sovereign immunity for independent actions brought in the same court that entered the original judgment. In fact, courts from other circuits have expressly declined to follow Timmons in that regard. In Beggerly v. United States, the Fifth Circuit noted the Eleventh Circuit's reliance on Zegura, but it concluded that "Zegura does not control in the independent action context." 114 F.3d 484, 487 (5th Cir. 1997), rev'd on other grounds by 524 U.S. 38 (1998). The court then held that:

> [A]n independent action filed in the same court that rendered the original judgment is a continuation of the original action for purposes of subject matter jurisdiction. It would be anomalous to torpedo a party bringing the independent action with a plea of sovereign immunity when the action is in reality a continuation of the original lawsuit in which jurisdiction was not an issue. To allow the government to use sovereign immunity as a shield where it previously has invoked the court's jurisdiction and prevailed based upon its misrepresentations, negligence, or mistake would do unacceptable violence to our basic notions of justice.

---

[1] Chamberlain v. United States, 687 F. Supp. 1534 (S.D. Ala. 1988).

Id. (footnote omitted).

The Fifth Circuit noted that it was aligning itself with the Second Circuit.  Id.  In Weldon v. United States, 70 F.3d 1 (2d Cir. 1995), the Second Circuit expressly rejected the holding of Timmons and held that "an action seeking relief from judgment for fraud upon the court, which is brought in the very court that rendered the judgment in favor of the government, should be viewed as 'a continuation of the former suit, on the question of . . . jurisdiction,' regardless of whether the government gave its consent."  Id. at 4 (citation omitted) (quoting Pacific R.R. v. Mo. Pac. Ry., 111 U.S. 505, 522 (1884)).

The Court is aware that it is bound to follow the published decisions of the Eleventh Circuit, regardless of whether they find support in other Circuit Courts of Appeals.  However, it seems clear to the Court that Timmons's holding (that a waiver of sovereign immunity is required before the same court may entertain an independent action) conflicts with the Supreme Court's later holding in United States v. Beggerly.  In Beggerly, the Supreme Court reviewed the Fifth Circuit's determination that it had jurisdiction over an independent action brought by plaintiffs to set aide a 12 year-old stipulated judgment with the United States.  Before the Supreme Court, the government argued that jurisdiction was lacking because "an 'independent action' must be supported by an independent source of jurisdiction, and, in the case of a suit against the United States, an independent waiver of sovereign immunity."  524 U.S. at 42.  The Supreme Court rejected this position as "inconsistent with the history and language of Rule 60(b)."  Id.  The Court held that "an independent action brought in the same court as the original

lawsuit [does not] requir[e] an independent basis for jurisdiction." Id. at 46.[2]

Although the Supreme Court did not expressly relate this holding back to the principles of sovereign immunity, courts and commentators have consistently relied on Beggerly for the proposition that "sovereign immunity does not bar an independent action under Rule 60(b) filed in the same court that rendered the original judgment." Holt v. United States, 221 F.R.D. 485, 487 (E.D. Wis. 2004) (citing Beggerly); see also 14 Wright & Miller, Fed. Prac. & P. § 3654 n.56 (3d ed. 2013) ("The government's consent is not required for a party to bring an independent action in equity in the same court as the original action . . . .") (citing Beggerly); 12 Moore's Fed. Prac. § 60.84 n.6 (Matthew Bender 3d ed.) ("Independent action in equity against United States, if brought in same court as original action, does not require governmental consent.") (citing Beggerly).  Because "[s]overeign immunity is jurisdictional in nature," Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994), the Supreme Court's holding that an independent action brought in the same court does not require "an independent basis for jurisdiction" indicates that neither is a separate waiver of sovereign immunity required.  See also United States v. Land, Shelby Cnty., 45 F.3d 397, 398 n.2 (11th Cir. 1995) ("Sovereign immunity . . . is an issue of subject matter jurisdiction . . . .").

This Court does not lightly disregard the holding of Timmons absent an express directive from either the Eleventh Circuit or the Supreme Court.  The Eleventh Circuit counsels caution in such instances and warns that "[f]or the Supreme Court to overrule a case, its decision must have . . . conflicted with this court's prior precedent." United States v. Vega-Castillo, 540 F.3d 1235,

---

[2] The Supreme Court went on to hold that the plaintiffs had failed to meet "the requirements for a meritorious independent action." 524 U.S. at 46.

6

1237 (11th Cir. 2008) (internal quotation marks and alteration omitted). That is, the two cases must pit "holding against holding." Id. at 1239. Necessary to the disposition of the case in Beggerly, the Supreme Court held that an independent action for relief from judgment, brought in the same court as the original judgment, does not require an independent basis for jurisdiction. 524 U.S. at 46. This holding squarely conflicts with the Eleventh Circuit's holding in Timmons that a waiver of sovereign immunity is required before the government may be sued in an independent action brought in the same court as the original judgment. 672 F.2d at 1378-79. On that point, this Court considers Timmons to be overruled.

Because this action and the original lawsuit were brought in the United States District Court for the Southern District of Florida, this Court has jurisdiction to consider it without a waiver of sovereign immunity.

**B.      Independent Action for Fraud on the Court**

Plaintiff asserts that he is proceeding under Rule 60(d)(3), which reserves a court's power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). The Court is unaware of a case where a plaintiff was permitted to initiate a new, independent lawsuit based merely on an allegation of "fraud on the court" in some previous action. Such an independent attack requires a new cause of action, such as an "independent action" envisaged by Rule 60(d)(1). In fact, courts read the terms of Rule 60(d)'s savings clause in conjunction, i.e., that Rule 60 "does not limit the power of a court to entertain an independent action . . . to set aside a judgment for fraud upon the court." Booker v. Dugger, 825 F.2d 281, 283 (11th Cir. 1987) (ellipsis in original); Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978); see also Day v. Benton, 346 F. App'x 476, 478 (11th Cir. 2009) (unpublished) ("[T]he district court may also

7

entertain an independent action to 'set aside a judgment for fraud on the court . . . .'"). Because Plaintiff seeks to maintain an new "action to relieve a party from a judgment, order, or proceeding . . . for fraud on the court," he must establish the elements necessary to maintain an "independent action." See Fed. R. Civ. P. 60(d).

As adopted by the Eleventh Circuit, the elements of a Rule 60(d) independent action are as follows:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any adequate remedy at law.

Bankers Mortg. Co. v. United States, 423 F.2d 73, 79 (5th Cir. 1970);[3] Day v. Benton, 346 F. App'x at 478.

Plaintiff has not pled these essential elements to maintaining an independent action; he merely alleges, repeatedly, that Defendants engaged in "fraud on the court" in obtaining the judgment against him. The Amended Complaint will be dismissed for failure to state a claim; however, Plaintiff will be given leave to amend as this is the Court's first order dismissing his pro se pleadings. Unless Plaintiff demonstrates that equitable reasons exist for maintaining an independent action to set aside the judgment, and that Defendants' actions rise to the level of "fraud on the court" in obtaining that judgment, this case will be dismissed with prejudice.

---

[3] All decisions of the former Fifth Circuit issued before October 1, 1981, are binding within the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

### C. Dismissal of Defendant Martin

As the only relief sought in the Amended Complaint is equitable relief from judgment, no claims remain against Defendant Martin, and he will be accordingly dismissed from this action.

### III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (DE 14) is **GRANTED**.  The Amended Complaint (DE 10) is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff is given leave to amend once.  Defendant Christopher E. Martin is **DISMISSED** as a party to this action.  Defendants' Motion to Strike (DE 19), which is unopposed (DE 22), is **GRANTED**.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of February, 2015.

_____
KENNETH A. MARRA
United States District Judge